## THE CHILIAN.

### GODWIN et al. v. THE CHILIAN.

(District Court, S. D. New York. October 31, 1893.)

MARITIME LIEN — CHARTERED VESSEL — CUSTOMHOUSE ENTRY — PERSONAL CREDIT.

Where services were rendered and moneys paid out by customhouse brokers in entering the British steamship C. at the customhouse in behalf of known charterers, who were required to pay such fees, and the service was rendered in accordance with a long course of dealings with the charterers, and no demand was ever made therefor against the master, owners, or their agents, held, that the brokers acted on the personal credit of the charterers, and that no maritime lien arose upon the ship. The Kate, 56 Fed. Rep. 614, followed.

In Admiralty. Libel to enforce an alleged lien for entering vessels. Dismissed.

Hess, Townsend & McClelland, for libelants.
Convers & Kirlin, for defendant.

BROWN, District Judge. The libelants, as customhouse brokers, seek to recover for services, and moneys paid out, in entering the British steamship Chilian in this port on February 7, 1893. The Emily Souder, 17 Wall. 666, 670. The steamer was at that time in the possession of the United States & Brazil Mail Steamship Company, being operated by them under a time charter, which required the company to pay all entrance fees of the ship. The libelants were the general customhouse brokers and agents of the company for entering all the company's vessels, whether belonging to the company, or chartered by it. The Chilian was entered in the ordinary course of the libelants' employment, and the bill therefor was rendered to the company, and against the company only. At the time of the entry, the master was present, because his signature was, by law, required to the entry; but the libelants were not in any way employed by him; nor were the master, the owners, or their agents, requested or expected to pay for this service. The libelants

understood that the Chilian was under a time charter. They had previously been paid by the company for similar services to other vessels chartered by the company; and they either knew, or would have learned on the least inquiry, that the company, by the charter of the Chilian, was bound to pay for the charges in question. Had the vessel been, in fact, looked to for payment, and a bill therefor rendered either to the master or to agents of the owners of the ship in this port, the charges, if proper against either, would have been paid at once; for the agents of the vessel, it is proved, had abundant means in their hands to discharge all the ship's obligations. The bill was not presented to either, because neither was expected to pay it, but the company only.

Under such circumstances, this court has uniformly held the services to have been rendered on the personal credit of the charterer; and that no lien arises upon the vessel, or any claim upon her owners. See The Kate, 56 Fed. Rep. 614, and cases there cited.

The libel must be dismissed, with costs.